## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

CONRAD JAMES,

*Plaintiff,*

v.

GENERAL MILLS OPERATIONS, LLC,

*Defendant.*

Civil Action No.
1:23-cv-01560-SCJ-RDC

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant General Mills Operations, LLC ("General Mills" or "Defendant"), by and through its undersigned counsel, submit its Answer and Affirmative Defenses to Plaintiff's Complaint and Demand for Jury Trial as follows:

### Defendant's Affirmative Defenses

### FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff's claims under Title VII are barred to the extent Plaintiff failed to properly and/or timely exhaust required administrative remedies.

### THIRD DEFENSE

To the extent any of the Title VII claims in the Complaint exceed the scope of a charge of discrimination filed by Plaintiff (and exceed the scope of any investigation reasonably related to any such charge), those claims are barred because Plaintiff failed to meet the prerequisites for bringing those claims.

## FOURTH DEFENSE

Some or all of the purported claims in the Complaint fail to state a claim against Defendant upon which relief can be granted under Title VII or 42 U.S.C. § 1981, because Defendant's treatment of Plaintiff was based solely upon legitimate, non-discriminatory, non-retaliatory factors, including reasonable factors other than race discrimination.

## FIFTH DEFENSE

Plaintiff's claims under 42 U.S.C. § 1981 fail because he cannot establish "but for" causation for the challenged employment actions.

## SIXTH DEFENSE

Even if Plaintiff was able to prove that Defendant's actions and decisions were motivated, in whole or in part, by unlawful discriminatory intent (and Plaintiff cannot), Plaintiff's claims fail because Defendant would have taken the same actions and made the same decisions without regard to any alleged unlawful intent.

## SEVENTH DEFENSE

Plaintiff is not entitled to some or all of the relief requested in the Complaint

because, even if any unlawful conduct occurred, which Defendant denies, Defendant cannot be held vicariously liable for alleged discrimination and/or other misconduct which is contrary to Defendant's expressed policies, procedures, and good faith efforts to comply with applicable laws.

## EIGHTH DEFENSE

Defendant denies that a causal connection exists between any alleged actions or inactions by Defendant and any damages or injuries allegedly suffered by Plaintiff, the existence of which Defendant denies.

## NINTH DEFENSE

Plaintiff's claims may be barred by the doctrines of estoppel and unclean hands.

## TENTH DEFENSE

Upon information and belief, Plaintiff failed to mitigate or reasonably attempt to mitigate his alleged damages, if any, as required by law.

## ELEVENTH DEFENSE

Any damages Plaintiff may seek to recover, proof of which is required, were the result of Plaintiff's own actions or of events or actions of other unrelated to Defendant.

## TWELFTH DEFENSE

The damages claimed by Plaintiff are barred to the extent they are speculative

in nature and/or have not been plead with sufficient particularity and/or facts supporting his claims for such damages.

## THIRTEENTH DEFENSE

Plaintiff is not entitled to recover any punitive damages herein, and any allegations with respect thereto should be stricken, because Defendant did not intentionally engage in any unlawful employment practices with malice or reckless disregard for Plaintiff's federally protected rights.

## Reservation of Rights

As no discovery has occurred in this case, Defendant hereby gives notice that it intends to rely upon such further defenses as may become available during discovery in this action, and reserve the right to amend their Answer and assert additional defenses in accordance with law, and to seek attorneys' fees and costs under any applicable statute.

## DEFENDANT'S RESPONSE TO PLAINTIFF'S COMPLAINT

## PARTIES

1.     Defendant lacks sufficient information to admit or deny Plaintiff's allegations regarding citizenship and place of residence "at all times relevant," and so denies the same.

2.     Defendant admits the allegations contained in Paragraph 2 of the

4

Complaint.

3.     Paragraph 3 of the Complaint alleges legal conclusions to which no response from Defendant is required.  To the extent a response is deemed necessary, Defendant admits the allegations in Paragraph 3 of the Complaint for jurisdictional purposes only.

4.     Defendant admits the allegations contained in Paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5.     Paragraph 5 of the Complaint alleges legal conclusions to which no response from Defendant is required.  To the extent a response is deemed necessary, Defendant admits the allegations in Paragraph 5 of the Complaint for jurisdictional purposes only.

6.     Defendant admits only that Plaintiff purports to assert claims for race discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 *et seq.* ("§ 1981").  Defendant denies any wrongdoing and denies that Plaintiff is entitled to recover any damages or other relief in this lawsuit.

7.     Paragraph 7 of the Complaint alleges legal conclusions to which no response from Defendant is required.  To the extent a response is deemed necessary,

Defendant admits the allegations in Paragraph 7 of the Complaint for venue purposes only

8.      Paragraph 8 of the Complaint alleges legal conclusions to which no response from Defendant is required.  To the extent a response is deemed necessary, Defendant admits it is covered under Title VII and Section 1981.

## GENERAL MILLS' RACE PROBLEM

9.      Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10.     Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11.     Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12.     Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13.     Plaintiff's allegations are vague and unintelligible so Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14.     Defendant admits only that Plaintiff was promoted to Team Lead in or about October 2020.  Defendant denies the remaining allegations contained in Paragraph 14 of the Complaint.

15.     Defendant admits only that Shane Cox was also employed as a Team Lead during Plaintiff's employment with Defendant.   Defendant denies the remaining allegations contained in Paragraph 15 of the Complaint.

16.     Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17.     Defendant denies the existence of a "Good Ole Boys" fraternity (GOB) and therefore denies the allegations contained in Paragraph 17 of the Complaint.

18.     Defendant denies the existence of a GOB and therefore denies allegations contained in Paragraph 18 of the Complaint.

19.     Defendant denies the existence of a GOB and therefore allegations contained in Paragraph 19 of the Complaint.

20.     Defendant denies the existence of a GOB and therefore denies allegations contained in Paragraph 16 of the Complaint.

21.     Defendant denies the existence of a GOB and therefore denies allegations contained in Paragraph 16 of the Complaint.

## JAMES RUNS AFOUL OF THE GOB

22.     Defendant admits that Plaintiff was hired on March 28, 2005 as a Technician.

23.     Defendant lacks knowledge regarding how Plaintiff "identifies" and

therefore denies the allegations contained in Paragraph 23 of the Complaint.

24.    Defendant admits the allegations in Paragraph 24 of the Complaint.

25.    Defendant admits the allegations contained in Paragraph 25 of the Complaint.

26.    Defendant admits the allegations contained in Paragraph 26 of the Complaint.

27.    Defendant denies that there was any correlation between the Roger Project and the promotions and therefore denies the allegations contained in Paragraph 27 of the Complaint.

28.    Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29.    Defendant admits that Plaintiff's first performance review in the Team Lead role occurred in or around December 2020.

30.    Defendant admits that Plaintiff received a poor rating in his 2020 performance evaluation, but denies all remaining allegations in Paragraph 30 of the Amended Complaint.

31.    Defendant denies that Plaintiff "covered" Cox's work duties and therefore denies the allegations contained in Paragraph 31 of the Complaint.

32.    Defendant admits that training occurred on or about November 16,

2021.

33.    Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34.    Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35.    Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36.    Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37.    Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38.    Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39.    Defendant admits only that Plaintiff complained to HR about being written up for a lock out/tag out infraction.  Defendant denies the remaining allegations contained in Paragraph 39 of the Complaint.

40.    Defendant admits only that Jarva's employment with Defendant was terminated in or about December 2021.  Defendant denies the remaining allegations contained in Paragraph 40 of the Complaint.

41.    Defendant admits that Plaintiff, along with a number of other Technician Team Leads, were returned to Technician positions but denies all remaining allegations contained in Paragraph 41 of the Complaint.

42.    Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43.    Defendant admits only that Plaintiff has applied for other positions with Defendant in the last year. Defendant denies the remaining allegations contained in Paragraph 43 of the Complaint.

44.    Defendant admits only that Plaintiff has applied for other positions with Defendant in the last year. Defendant denies the remaining allegations contained in Paragraph 44 of the Complaint.

45.    Defendant admits only that Plaintiff has applied for other positions with Defendant in the last year. Defendant denies the remaining allegations contained in Paragraph 45 of the Complaint.

46.    Because Defendant lacks knowledge as to when Plaintiff may have become aware of events at the facility, Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47.    Defendant admits that Cox currently holds the position of Process Lead and denies all remaining allegations contained in Paragraph 47 of the Complaint.

## ADMINISTRATIVE PROCEEDINGS

48.     Paragraph 48 of the Complaint alleges legal conclusions to which no response from Defendant is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49.     Defendant admits that the EEOC issued a Determination and Notice of Rights to Plaintiff on January 11, 2023.

50.     Paragraph 50 of the Complaint alleges legal conclusions to which no response from Defendant is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51.     Paragraph 51 of the Complaint alleges legal conclusions to which no response from Defendant is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 51 of the Complaint.

## PUNITIVE DAMAGES ALLEGATIONS

52.     Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53.     Defendant denies the allegations contained in Paragraph 53 of the Complaint.

## COUNT ONE

## § 1981 RACE DISCRIMINATION: FAILURE TO PROMOTE

54.     Paragraph 54 of the Complaint alleges legal conclusions to which no response is required.  To the extent a response from Defendant is deemed necessary, Defendant admits that it employed Plaintiff.

55.     Defendant denies the allegations contained in Paragraph 55 of the Complaint.

56.     Defendant denies the allegations contained in Paragraph 56 of the Complaint.

57.     Defendant denies the allegations contained in Paragraph 57 of the Complaint.

58.     Defendant denies the allegations contained in Paragraph 58 of the Complaint, including sub-paragraphs (a) through (i).

59.     Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60.     Defendant denies the allegations contained in Paragraph 60 of the Complaint.  Defendant further denies that it discriminated against Plaintiff and denies that Plaintiff is entitled to recover any damages or other relief in this lawsuit.

## COUNT TWO

## TITLE VII RACE DISCRIMINATION: FAILURE TO PROMOTE

61.     Paragraph 61 of the Complaint alleges legal conclusions to which no

response from Defendant is required.  To the extent a response is deemed necessary, Defendant admits that Plaintiff is covered under Title VII.

62.    Paragraph 62 of the Complaint alleges legal conclusions to which no response from Defendant is required.  To the extent a response is deemed necessary, Defendant admits that it is covered under Title VII.

63.    Defendant denies the allegations contained in Paragraph 63 of the Complaint.

64.    Defendant admits that Plaintiff applied for and was not selected for certain promotions.  Defendant denies the remaining allegations contained in Paragraph 64 of the Complaint.

65.    Defendant denies the allegations contained in Paragraph 65 of the Complaint.

66.    Defendant denies the allegations contained in Paragraph 66 of the Complaint.

67.    Defendant denies the allegations contained in Paragraph 67 of the Complaint.

68.    Defendant denies the allegations contained in Paragraph 68 of the Complaint.  Defendant further denies that it discriminated against Plaintiff and denies that Plaintiff is entitled to recover any damages or other relief in this lawsuit.

## COUNT THREE

## § 1981 RETALIATION

69.     Paragraph 69 of the Complaint alleges legal conclusions to which no response from Defendant is required.  To the extent a response from Defendant is deemed necessary, Defendant denies the allegations contained in Paragraph 69 of the Complaint.

70.     Defendant denies the allegations contained in Paragraph 70 of the Complaint.

71.     Defendant denies the allegations contained in Paragraph 71 of the Complaint.

72.     Defendant denies the allegations contained in Paragraph 72 of the Complaint.

73.     Defendant denies the allegations contained in Paragraph 73 of the Complaint.  Defendant further denies that it discriminated against Plaintiff and denies that Plaintiff is entitled to recover any damages or other relief in this lawsuit.

## COUNT FOUR

## TITLE VII RETALIATION

74.     Paragraph 74 of the Complaint alleges legal conclusions to which no response from Defendant is required.  To the extent a response from Defendant is

deemed necessary, Defendant denies the allegations contained in Paragraph 74 of the Complaint.

75.     Defendant denies the allegations contained in Paragraph 75 of the Complaint.

76.     Defendant denies the allegations contained in Paragraph 76 of the Complaint.

77.     Defendant denies the allegations contained in Paragraph 77 of the Complaint.

78.     Defendant denies the allegations contained in Paragraph 78 of the Complaint.  Defendant further denies that it discriminated against Plaintiff and denies that Plaintiff is entitled to recover any damages or other relief in this lawsuit.

## COUNT FIVE

## § 1981 HOSTILE WORK ENVIRONMENT

79.     Paragraph 79 of the Complaint alleges legal conclusions to which no response from Defendant is required.  To the extent a response is deemed necessary, Defendant admits that Plaintiff is covered under § 1981.

80.     Defendant denies the allegations contained in Paragraph 80 of the Complaint.

81.     Defendant denies the allegations contained in Paragraph 81 of the

Complaint, including the allegations in sub-paragraphs (a) through (i).

82.     Defendant denies the allegations contained in Paragraph 82 of the Complaint.

83.     Defendant denies the allegations contained in Paragraph 83 of the Complaint.

84.     Defendant denies the allegations contained in Paragraph 84 of the Complaint.  Defendant further denies any wrongdoing and denies that Plaintiff is entitled to recover any damages or other relief in this lawsuit.

## COUNT SIX

## TITLE VII HOSTILE WORK ENVIRONMENT

85.     Paragraph 85 of the Complaint alleges legal conclusions to which no response from Defendant is required.  To the extent a response is deemed necessary, Defendant admits that Plaintiff is covered under Title VII.

86.     Defendant denies the allegations contained in Paragraph 86 of the Complaint.

87.     Defendant denies the allegations contained in Paragraph 87 of the Complaint.

88.     Defendant denies the allegations contained in Paragraph 88 of the Complaint.

89.     Defendant denies the allegations contained in Paragraph 89 of the Complaint.

90.     Defendant denies the allegations contained in Paragraph 90 of the Complaint.  Defendant further denies any wrongdoing and denies that Plaintiff is entitled to recover any damages or other relief in this lawsuit.

## Response to Plaintiff's "Prayer for Relief"

In response to Plaintiff's unnumbered paragraph following Paragraph 90 of the Complaint, Defendant denies that Plaintiff is entitled to any relief whatsoever and further denies any and all liability with respect to any of Plaintiff's claims. Defendant expressly denies that Plaintiff is entitled to any of the relief requested in sub-paragraphs (a) through (j) of Plaintiff's unnumbered paragraph.  Except as expressly admitted herein, Defendant denies the allegations in Plaintiff's unnumbered paragraph.

## Jury Trial Demand

Defendant acknowledges that Plaintiff has made a demand for a trial by jury. Defendant also demands a jury trial.

WHEREFORE, having responded to the specific allegations contained in the Complaint and having stated its additional and affirmative defenses, Defendant respectfully prays as follows:

(a)      that the Court render judgment for Defendant and against Plaintiff;

(b)      that the Court dismiss the Complaint in its entirety with prejudice;

(c)      that the Court assess costs and attorneys' fees against Plaintiff; and

(d)      that the Court award Defendant such other and further relief as it deems

just and appropriate.

Dated:    May 12, 2023                                  */s/ Jacqueline E. Kalk*

Jacqueline E. Kalk, Bar No. 406238
jkalk@littler.com
Pierre-Joseph Noebes, Bar No. 537216
pnoebes@littler.com
LITTLER MENDELSON, P.C.
3424 Peachtree Road N.E., Suite 1200
Atlanta, GA  30326.1127
Telephone:    404.233.0330
Facsimile:    404.233.2361

Attorneys for Defendant
General Mills Operations, LLC

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

CONRAD JAMES,

          *Plaintiff,*

v.

GENERAL MILLS OPERATIONS, LLC,

          *Defendant.*

Civil Action No.
1:23-cv-01560-SCJ-RDC

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2023, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to the following:

Douglas Dean
Douglas.dean@lawsonreidlaw.com
LAWSON, REID & DEAN, LLC
601 East 14th Avenue (31015)
Post Office Box 5005
Cordele, GA 31010

*/s/ Jacqueline E. Kalk*
Jacqueline E. Kalk
Attorney for Defendant